UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DAVID DRAPER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PEDRO BACON, individually and as a )<br>member of the Chattanooga, Tennessee Police )<br>Department; and the )<br>CITY OF CHATTANOOGA, TENNESSEE, )<br>)<br>Defendants. ) | No. 1:04-CV-167<br><br>Magistrate Judge Susan K. Lee |

**M E M O R A N D U M**

Plaintiff David Draper ("Draper") filed this action alleging claims under state law and under 42 U.S.C. §§ 1983, 1985, and 1988 against Defendant Chattanooga Police Officer Pedro Bacon ("Bacon") and Defendant City of Chattanooga ("the City") arising from Draper's apprehension and arrest by Bacon and other law enforcement officers in June 2003 (Court File No. 4, Amended Complaint). This Court has jurisdiction over Draper's federal law claims pursuant to 28 U.S.C. § 1331 and may exercise supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367. Upon the consent of the parties to the exercise of jurisdiction over this case by a United States Magistrate Judge, the action was referred for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 (Court File No. 9).

On June 16, 2005, the Court granted summary judgment to Draper and the City, finding the evidence in the record did not present a genuine issue of material fact as to Draper's claims under federal law against the Defendants, holding the Defendants were entitled to judgment as a matter of law, and declining to exercise supplemental jurisdiction over Draper's state law claims (Court

File Nos. 17, 18). Draper did not file any response or any opposing evidence while the Defendants' motion for summary judgment was pending, but he immediately filed a Motion for Reconsideration or Alternatively for Relief from Judgment (Court File No. 19, part 1) and Draper's first affidavit (Court File No. 19, part 2, Affidavit of David Draper ("Draper Aff.")) the day after the Court granted summary judgment. The Defendants filed a timely response opposing reconsideration (Court File No. 20). On July 14, 2005, the Court heard oral argument on Draper's motion for reconsideration (*see* Court File No. 22). The Court also set deadlines for Draper to supplement the record with any evidence he would want before the Court if it reconsidered the issue of summary judgment and for the Defendants to respond to any such filings by Draper. Draper subsequently filed the following documents:

> Plaintiffs' Memorandum of Law in Opposition to Summary Judgment
>     (Court File No. 23);
> Untitled photograph of Draper's wrists (Court File No. 25);
> Affidavit of John Wilson ("Wilson Aff.") (Court File No. 26);
> Affidavit of Lauren Prince ("Prince Aff.") (Court File No. 30);
> Affidavit of Amy Wood ("Wood Aff.") (Court File No. 31);
> Second Affidavit of David Draper ("2d Draper Aff.") (Court File No. 32); and
> Affidavit of Carrie Demott ("Demott Aff.") (Court File No. 33),

and the Defendants filed an opposing memorandum (Court File No. 34). Thus, Draper's motion for reconsideration (Court File No. 19, part 1) is before the Court for resolution. For the reasons stated below, the Court **WILL GRANT** Draper's motion for reconsideration (Court File No. 19). Further, the Court **WILL RELIEVE** Draper of the summary judgment previously issued to Defendant Bacon for claims asserted against him in his individual capacity.

I.  **STANDARD OF REVIEW**

Draper files his motion for reconsideration pursuant to, in part, Rule 60(b)(1), (2), and (6) of the Federal Rules of Civil Procedure. Under Rule 60 of the Federal Rules of Civil Procedure, a court has discretion to provide relief from a judgment or order upon a showing of cause. Rule 60(a) addresses clerical errors. Rule 60(b) addresses all other bases for reconsideration:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). With regard to the catch-all provision found in Rule 60(b)(6), the United States Court of Appeals for the Sixth Circuit has stated:

> Rule 60(b)(6) should apply "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." . . . Courts, however, must apply subsection (b)(6) only "as a means to achieve substantial justice when 'something more' than one of the grounds contained in Rule 60(b)'s first five clauses is present."

*Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (citations omitted).

Motions to reconsider under Rule 60(b) are "opportunit[ies] for [the district court] to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *United States v. Davis*, 939 F. Supp. 810, 812 (D. Kan. 1996). Rule 60(b) motions are addressed to the sound discretion of the district court, which must balance the ends of justice with public interest in the finality of the court's decisions. *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999); *Aetna Cas. & Sur. Co. v. Home Ins. Co.*, 882 F. Supp. 1355, 1356 (S.D.N.Y. 1995). Such motions seek extraordinary judicial

relief and can be granted only upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000). "[A] Rule 60(b) motion is not a substitute for an appeal." *Kai Wu Chan v. Reno*, 932 F. Supp. 535, 539 (S.D.N.Y. 1996).

## II. DISCUSSION

Draper contends the Court should reconsider its summary judgment ruling, taking into account his subsequently-filed briefs and evidence, because ambiguities in the applicable procedural rules prevented him from knowing when he should have filed his response and evidence in opposition to the Defendants' motion for summary judgment. He also argues that reconsideration of summary judgment would be in the interests of justice and would allow the Court to evaluate new factual developments that have recently occurred with respect to the City's liability in this case. Draper's motion seems to suggest his failure to timely respond to the summary judgment motion results from the Court's failure to schedule a hearing on the summary judgment motion or to advise Draper that the Court was actively preparing to issue a decision on the motion. At oral argument, however, Draper and his counsel also recognized that their neglect and inexperience contributed to the circumstances (*i.e.*, the grant of summary judgment in the absence of Draper's opposition in the record), and they urge the Court to hold that their neglect is excusable under Fed. R. Civ. P. 60(b)(1).

### A. Rule 60(b) Motion to Reconsider: Excusable Neglect

In *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, the United States Supreme Court discussed the meaning of "excusable neglect" as it is used in various federal rules of procedure, including Fed. R. Civ. P. 60(b). 507 U.S. 380 (1993). Considering the word "neglect", the Supreme Court noted it "encompasses both simple, faultless omissions to act

4

and, more commonly, omissions caused by carelessness." *Id.* at 388. The Court stated "inadvertence, ignorance of the rules, [and] mistakes construing the rules do not usually constitute 'excusable neglect'," *id.* at 392, but it also recognized the determination whether a party's neglect is excusable is an equitable one that takes account of all relevant circumstances, *id.* at 395. Because clients are accountable for the acts and omissions of their counsel, the focus of this determination is whether the neglect of the party and his counsel was excusable. *Id.* at 396-97. Determining whether neglect is excusable takes into account (1) the danger of prejudice to the other party, (2) the length of delay, (3) the potential impact on judicial proceedings caused by the delay, (4) the reason for the delay, and (5) whether the movant acted in good faith. *Id.* at 395; *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001) (applying *Pioneer* to Rule 60(b)(1), (6) motion for relief from judgment). Specifically considering Rule 60(b), the *Pioneer* Court stated, "[i]f a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable." *Pioneer*, 507 U.S. at 393 (noting subsections (1) and (6) are mutually exclusive provisions distinguished by presence or lack of party's fault in connection with the circumstances). While "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof," *Jinks*, 250 F.3d at 385, a district court should consider "excusable neglect" under Rule 60(b) as discussed by *Pioneer* "in cases where procedural default has prevented the court from considering the true merits of a party's claim." *Id.* at 386.

When the Court granted summary judgment to the Defendants, the record lacked any evidence or argument from Draper's point of view on the issues raised in the Defendants' motion. The Court did not rule in the Defendants' favor due to a procedural default, but the ruling was

5

necessarily reached under circumstances where Draper's case had not been presented to the Court. The fault for this circumstance lies squarely with Draper and his counsel. Draper contends that ambiguities and conflicting provisions in the applicable procedural rules contributed to his failure to timely oppose the summary judgment motion, but the Court categorically rejects this argument as unpersuasive. Local Rule 7.1(a) provides the general briefing schedule for all motions filed in this district, specifying that "parties shall have 20 days in which to respond to dispositive motions." E.D.TN. L.R. 7.1(a). Draper has not shown what is ambiguous about this procedural rule,[1] nor has he demonstrated why he did not respond within the time allowed or why he failed to seek an extension of time to do so, either before or after the period for responding to the dispositive motion expired. At best, Draper appears to have been awaiting a signal from the Court that he should marshal and file his opposition to summary judgment, but neither rule nor custom would suggest that to be a reasonable method of conducting dispositive motion practice in this district. Thus, the fact that Draper's opposition and evidence were not in the record when the Court ruled on summary judgment is due solely to the neglect of Draper and his counsel, and further neglect of this sort will not be tolerated.

Despite the disruptive effect of Draper and his counsel's neglect in failing to timely respond to the Defendants' motion for summary judgment, the Court will nevertheless exercise its discretion to reconsider summary judgment because, under the circumstances of this case, Draper's neglect may be deemed excusable pursuant to Fed. R. Civ. P. 60(b)(1). First, the Court is convinced Draper

---

[1] Draper's citation to and quotation of E.D. TN. L.R. 7.2, regarding notice of and hearings held on *nondispositive* motions, is not relevant to the procedure for resolving the Defendants' summary judgment motion. A motion for summary judgment is a *dispositive* motion (*i.e.*, it has the potential to dispose of a party's claim or claims), and practitioners are or should be well aware that such motions are routinely decided on the briefs and not set for oral argument within this district.

and his counsel, despite their neglect, have acted in good faith. On the day after the Court granted summary judgment, Draper filed his motion for reconsideration in which he stated he was uncertain when to file his opposition to summary judgment, and he also filed an affidavit dated May 24, 2005. At the hearing on the motion to reconsider, Draper's counsel related the status of his efforts to obtain favorable affidavits to submit and indicated he had located the witnesses and could submit their affidavits in a short time. These circumstances suggest Draper's neglect in failing to file his opposition did not arise out of bad faith. They also show the delay caused by Draper's neglect has been relatively contained and that Draper has been able to quickly produce the evidence he would want the Court to consider in resolving the summary judgment motion. As for the impact on the proceedings, Draper's neglect has required additional briefing and time for addressing and resolving his motion to reconsider, but as previously mentioned the impact on the proceedings in this case has been contained. The record supplies no credible reason why Draper and his counsel were so confused as to the proper method and timing for presenting his case in response to the Defendants' summary judgment motion, but the danger of prejudice to the Defendants is slight in that their dispositive motion is affirmatively challenged by Draper now rather than when it originally should have been. For these reasons, the Court will exercise its discretion to relieve Draper from the prior summary judgment ruling on the basis of excusable neglect pursuant to Fed. R. Civ. P. 60(b)(1). Litigants should be mindful, however, this result is based on the Court's equitable consideration of the specific circumstances presented in this action. Affording relief under Rule 60(b)(1) means the outcome of this case will now be the result of opposing parties presenting their evidence and arguments rather than, in large part, the prior result of a litigant's neglect that prevented his position from being presented to the Court in a timely manner.

**B.     Defendants' Motion for Summary Judgment**

*1. Claims against the City and Bacon in his official capacity.*  After considering Draper's evidence and argument regarding his claims against the City of Chattanooga and Bacon in his official capacity, the Court concludes summary judgment for the Defendants is still the appropriate result.  First, Draper contends the evidence establishes a § 1983 claim against the City based on inadequate police training.  According to Draper's brief (Court File No. 23, at 5), Bacon testified in his deposition he could not recall receiving any crowd control or riot control training and provided answers that suggest he was not properly trained in the application of handcuffs and the related risk of applying excessive force with handcuffs.[2]  Although this testimony tends to show deficiencies in Bacon's training or his attention to that training, it is not sufficient to show the City fails to train its officers in crowd control, riot control, or handcuff use to the extent there is a deliberate or conscious choice by the City on which § 1983 liability may be found.  *See City of Canton v. Harris*, 489 U.S. 378, 390-91 (1989) ("That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program."); *Miller v. Calhoun County*, 408 F.3d 803, 816 (6th Cir. 2005) ("Mere allegations that an officer was improperly trained or that an injury could have been avoided with better training are insufficient to prove liability.").  Therefore, the Court will maintain the grant

---

[2] Draper's brief cites to pages 18, 19, 45, 51-54, and 82 of Bacon's deposition, but these pages are not contained in the excerpt of Bacon's deposition found at Court File No. 14, part 6, and could not otherwise be located in the record.  The excerpt that was previously filed in the record contains only pages 1 and 66-81 of Bacon's deposition.  Nevertheless, the Court has considered Draper's argument assuming that his brief accurately relates Bacon's deposition testimony, but it still finds the testimony does not create a genuine issue of material fact concerning municipal liability.  Draper is directed to provide excerpts of deposition testimony he relies upon in any future pleadings filed with the Court.

of summary judgment to the City and to Bacon in his official capacity as to Draper's failure to train claim.

Draper next contends the City has a custom of ineffective Internal Affairs investigations and inadequate punishment for officers who are found to have used excessive force. He relies on the affidavit testimony of Carrie Demott that she e-mailed a complaint to a police captain regarding Draper's arrest and that she was not contacted by anyone regarding her complaint (Court File No. 33, Demott Aff. ¶¶ 31-32). Draper also cites to the minutes from a Chattanooga city council meeting in which a council member expressed his opinion that officers deserved a high level of deference and procedural safeguards when they face charges of improper conduct. Further, Draper relies on reports that another city council member struck a handcuffed arrestee in mid-July 2005 (Court File No. 26, Wilson Aff. ¶¶ 2-4). Without citation to authority, Draper asserts the first council member's opinion and the second council member's conduct toward a handcuffed arrestee are circumstances that establish the City is deliberately indifferent toward, or actually promotes, the application of excessive force by its officers and thus is liable under § 1983 in this action. To the contrary, these facts are not sufficient to show the City has a policy or custom of promoting or of tolerating federal rights violations by its officers. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (requiring existence of clear and persistent pattern of illegal activity, notice of the pattern to the municipality, tacit approval of the unconstitutional conduct evincing deliberate indifference through its failure to address the conduct, and causal link between the policy and the claimed constitutional deprivation). Even if Draper's evidence established an unconstitutional municipal policy, Draper has not demonstrated any causal link between such a policy (based on events in 2005) and the treatment he received in June 2003. *See Waters v. City of Morristown*, 242

9

Case 1:04-cv-00167 Document 36 Filed 08/22/05 Page 9 of 13 PageID #: 77

F.3d 353, 362 (6th Cir. 2001) (noting "direct causal link" between municipality's official action or policy and the deprivation of rights is required to establish municipal liability).  Accordingly, the City and Bacon in his official capacity remain entitled to summary judgment on this claim as well.

*2. Claims against Bacon in his individual capacity.*  First, Draper opposes summary judgment on his 42 U.S.C. § 1985 conspiracy claim by emphasizing the difference between his witnesses' versions of Bacon's conduct and the versions relayed by the officers.  Draper does not, however, provide any evidence that would establish a conspiracy claim under § 1985.  To prove such a claim, Draper would have to show "(1) a conspiracy involving two or more persons, (2) for the purpose of depriving, directly or indirectly, a person or class of persons the equal protection of the laws and (3) an act in furtherance of that conspiracy (4) that causes injury to person or property, or a deprivation of a right or privilege of a United States citizen."  *Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996) (citing *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994)).  Draper "must also show the conspiracy was motivated by racial, or other class based animus."  *Collyer*, 98 F.3d at 233 (*citing Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263 (1993)).  The evidence Draper presented does not approach what is required to survive summary judgment, so the Court will maintain the summary judgment awarded to Bacon in his individual capacity as to Draper's § 1985 conspiracy claim.

Second, Draper contends there are genuine issues of material fact as to whether Bacon had probable cause to arrest him and that his § 1983 and state law claims of false arrest/false imprisonment should therefore proceed to trial.  According to Draper and the evidence he has offered, he did not throw beer bottles or anything at officers, he did not make offensive hand gestures at them, and he did not curse or yell at them while he was on the sidewalk before Bacon and

10

other officers apprehended and arrested him (Court File No. 14, part 5, Deposition of David Draper ("Draper Dep.") at 77; Wood Aff. ¶ 15). To the contrary, Draper and his companions were keeping to themselves (Prince Aff. ¶ 29). This testimony contradicts the testimony of Bacon and Officer William Redman that they observed Draper yelling and cursing and making obscene hand gestures and otherwise behaving in a disorderly manner. Viewing the evidence in the light most favorable to Draper, a jury could reasonably conclude Draper did not behave as alleged by the officers and that Bacon therefore lacked probable cause to arrest Draper for disorderly conduct. Absent probable cause, an arrest violates the Fourth Amendment's prohibition against unreasonable seizures. *Thacker v. City of Columbus,* 328 F.3d 244, 255 (6th Cir. 2003); *Gardenhire v. Schubert*, 205 F.3d 303, 315 (6th Cir. 2000). The Court concludes Draper has presented evidence to show a constitutional violation occurred in relation to the basis, or lack thereof, for his arrest. The Court also concludes the violation involves a clearly established constitutional right because it would be clear to a reasonable officer that arresting an individual for disorderly conduct who did not commit any disorderly conduct would be unlawful. *See Saucier v. Katz*, 533 U.S. 194, 202 (2001). Consequently, Bacon is not entitled to qualified immunity as to Draper's false arrest/false imprisonment claim based on the evidence presented in the record, nor is he entitled to summary judgment on that claim.

Draper has also raised a genuine issue of material fact that precludes summary judgment as to his excessive force claim against Bacon in his individual capacity. Draper, in his second affidavit, states he repeatedly asked Bacon to loosen his handcuffs, but Bacon did not do so. Because Bacon did not loosen the overly tight handcuffs when he was made aware of the situation, Draper's hands became numb, turned purple, and remained discolored even after the handcuffs were removed.

11

Relevant to this claim, the Sixth Circuit has stated:

> The right to be free from "excessively forceful handcuffing" is a clearly established right for qualified immunity purposes, *Kostrzewa v. City of Troy*, 247 F.3d 633, 641 (6th Cir. 2001), and applying handcuffs so tightly that the detainee's hands become numb and turn blue certainly raises concerns of excessive force. Our precedents allow the plaintiff to get to a jury upon a showing that officers handcuffed the plaintiff excessively and unnecessarily tightly and ignored the plaintiff's pleas that the handcuffs were too tight. *See id.*; *Martin v. Heideman*, 106 F.3d 1308, 1310, 1313 (6th Cir. 1997) (reversing directed verdict in favor of defendants on excessive force claim when plaintiff's hands were injured after thirty-five minutes in tight handcuffs).

*Burchett v. Kiefer*, 310 F.3d 937, 944 (6th Cir. 2002). To demonstrate excessive force that violates an individual's right to be free from excessively forceful handcuffing, Draper must show both a physical injury resulted and that Bacon did not loosen the handcuffs when Draper first complained to Bacon about the tightness of the handcuffs. *See Burchett*, 310 F.3d at 945 (finding no violation where officers promptly removed the handcuffs when plaintiff complained). The facts Draper stated in his second affidavit, if proven to a jury, establish an excessive force claim under *Burchett*. Because the constitutional right at issue is clearly established, *id.* at 944, Bacon is not entitled to qualified immunity. Thus, the Court will deny summary judgment to Bacon in his individual capacity and will permit Draper to present proof at trial regarding excessive force.

## III. <u>CONCLUSION</u>

For the reasons stated above, the Court **WILL GRANT** Draper's motion to reconsider (Court File No. 19, part 1) and **WILL RELIEVE** Draper of the previous summary judgment as to his false arrest/false imprisonment and excessive force claims against Bacon in his individual capacity. The Court will maintain the summary judgment issued in favor of the City and Bacon in his official capacity and the summary judgment issued to Bacon in his individual capacity as to Draper's § 1985 conspiracy claim.

An Order shall enter.

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

13